*Mary Lombardi v. Copper Canyon Academy, LLC, et al.*
Case No. _____

## INDEX OF EXHIBITS
### (Defendant's Notice of Removal)

Exhibit 1 –   Yavapai County Superior Court file

Exhibit 2 –   Notice to Adverse Party of Removal to Federal Court

Exhibit 3 –   Notice to State Court of Removal of Civil Action to Federal Court

Firmwide:91805762.1 053964.1016

**Exhibit 1**

1   **LAW OFFICES OF**
    **CHARLES ANTHONY SHAW, PLLC**
2   140 NORTH GRANITE STREET
    PRESCOTT, ARIZONA  86301
3   TELEPHONE: (928) 778-0801
    EMAIL tonyshaw@cableone.net
4
    Charles Anthony Shaw, #003624
5
    Attorney for Plaintiff
6
7                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF YAVAPAI** 8 2 0 0 9 0 4 3 2 -

9   Mary H. Lombardi, a single woman,    )    No. CV _____
                                         )
10                      Plaintiff,        )
                                         )    **SUMMONS**
11  vs.                                  )
                                         )
12  Copper Canyon Academy, LLC, a        )
    Delaware Limited Liability Company;  )
13  CRC Health Group, Inc., a Delaware   )
    Corporation; Aspen Education Group,  )
14  Inc., a California Corporation; Paul )
    Taylor and "Jane Doe" Taylor, husband)
15  and wife; Josh White and "Jane Doe"  )
    White, husband and wife; Anne Harmes )
16  and "John Doe" Harmes, wife and      )
    husband,                             )
17                                       )
                        Defendants.       )
18  _____)

19  **THE STATE OF ARIZONA TO:**      Copper Canyon Academy, LLC

20          Serve: National Registered Agents, Inc.
                   638 N 5th Avenue
21                 Phoenix, Arizona 85003

22          You are hereby summoned and required to appear and respond in the above
    entitled cause and Court (1) within TWENTY (20) DAYS, exclusive of the day of
23  service, after service of this Summons and Complaint within the State of Arizona by
    a person authorized to do so;  or (2) within THIRTY (30) DAYS, exclusive of the day of
24  service, after service of this Summons upon you is completed if served by delivery of
    a copy of the Summons and Complaint outside the State of Arizona by a person
25  authorized to do so, or by publication in a newspaper, or by registered or certified mail,
    or if the Arizona Motor Vehicle Superintendent is served as your agent.
26
            Service is deemed completed (1) immediately when service is made by delivery
27  of a copy of the Summons and Complaint within or without the State of Arizona, (2) if
    Summons is published, thirty days after the first day of publication, (3) if served by

1    registered or certified mail, thirty days after an Affidavit of Service by registered mail
is filed with the Court, or (4) if served on the Arizona Motor Vehicle Superintendent,
2    thirty days from the filing of an Affidavit of Compliance or officer's return.

3

4        YOU ARE HEREBY NOTIFIED that you are being served as Defendant in the
above entitled action in this Court, and that in case of your failure to appear and
respond within the time applicable, a judgment by default will be rendered against you
5    for the relief requested in the Complaint. If you are served other than by publication,
your failure to appear and respond would permit a judgment to be rendered against
6    you, and may result in the loss of any interest you may have in Arizona property. You
are cautioned that in order to appear and respond you must file a Response or other
7    proper pleading in writing with the Clerk of the Court, accompanied by the necessary
filing fee, within the time required, and you are required to serve a copy of the
8    Response or other pleading upon Plaintiff's attorney.

9        The name and address of Plaintiff's attorney is:

10           Charles Anthony Shaw
          LAW OFFICES OF CHARLES ANTHONY SHAW
11           140 North Granite Street
          Prescott, Arizona  86301

12

13        Requests for reasonable accommodation for persons with disabilities must be
made to the Court by parties at least three (3) working days in advance of a scheduled
Court proceeding.

                                                 AUG 0 3 2009
14

15        GIVEN UNDER MY HAND AND SEAL this _____ day of_____, 2009.

16                                 JEANNE HICKS
                                CLERK OF THE SUPERIOR COURT

17

18                         By _____
                            Deputy Clerk

19

20

21

22

23

24

25

26

27

2

1

**LAW OFFICES OF**
**CHARLES ANTHONY SHAW, PLLC**

2

140 NORTH GRANITE STREET
PRESCOTT, ARIZONA  86301

3

TELEPHONE: (928) 778-0801
EMAIL tonyshaw@cableone.net

4

Charles Anthony Shaw, #003624

5

Attorney for Plaintiff

6

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7

### IN AND FOR THE COUNTY OF YAVAPAI

8

| | |
|---|---|
| Mary H. Lombardi, a single woman, ) | No. _____ |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | (Non Classified Civil) |
| ) | |
| Copper Canyon Academy, LLC, a ) | |
| Delaware Limited Liability Company; ) | |
| CRC Health Group, Inc., a Delaware ) | |
| Corporation; Aspen Education Group, ) | |
| Inc., a California Corporation; Paul ) | |
| Taylor and "Jane Doe" Taylor, husband ) | |
| and wife; Josh White and "Jane Doe" ) | |
| White, husband and wife; Anne Harmes ) | |
| and "John Doe" Harmes, wife and ) | |
| husband, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, by and through her attorney CHARLES ANTHONY SHAW, for her

Complaint against the Defendants, alleges as follows:

### THE PARTIES

1.    Mary H. Lombardi ("Lombardi") is a resident of Yavapai County,

Arizona, and, and at all times pertinent to this Complaint was an employee of

Copper Canyon Academy, LLC.  All acts alleged in this Complaint occurred in

Yavapai County, Arizona.

2.    Copper Canyon Academy, LLC, ("Academy") is a Delaware Limited

Liability Company, authorized to do business and doing business in Yavapai County,

Arizona.  Academy is a behavioral school for teen aged girls who have problems with

1    drugs, alcohol, and other behavioral problems.  Academy is located in Rimrock and
2    Camp Verde, Yavapai County, Arizona, and, at all times pertinent to this
3    Complaint, had three housing dormitories as living quarters for the students.

4         3.      Upon information and belief, Academy is a legal subsidiary of CRC
5    Health Group, Inc. ("CRC") and Aspen Education Group, Inc. ("Aspen").  CRC and
6    Aspen operate Academy in Yavapai County, Arizona.  CRC is a Delaware
7    Corporation and Aspen is a California Corporation. CRC and Aspen are authorized
8    to do business and doing business in Yavapai County, Arizona.

9         4.      At all times pertinent to this Complaint, Paul Taylor ("Taylor") was the
10   executive director of Academy and believed to be a resident of Yavapai County,
11   Arizona.

12        5.      At all times pertinent to this Complaint, Josh White ("White") was the
13   program director of Academy and the immediate subordinate of Taylor. White is
14   believed to be a resident of Yavapai County, Arizona.

15        6.      At all times pertinent to this Complaint after August 18, 2008, Anne
16   Harmes ("Harmes") was the supervisor of Juniper House, one of the housing
17   dormitories for the students of the Academy. Harmes, at all times pertinent to this
18   Complaint after August 18, 2008, was the immediate subordinate of White, and she
19   is believed to be a resident of Yavapai County, Arizona.

20        7.      Defendants Jane Doe Taylor, Jane Doe White, and John Doe Harmes
21   are the spouses of Taylor, White, and Harmes respectively and are residents of
22   Yavapai County, Arizona. The true first names of Jane Doe Taylor, Jane Doe White,
23   and John Doe Harmes are unknown to Plaintiff, and they are sued with the fictitious
24   names of Jane Doe Taylor, Jane Doe White, and John Doe Harmes. When their true
25   names have been ascertained, Plaintiff will ask leave of the Court to amend this
26   Complaint to allege their true names.  In all acts complained of herein, Taylor,
27

2

1   White and Harmes were acting for the benefit of their respective marital
2   communities, and the respective marital communities are liable for the acts of
3   Taylor, White and Harmes as hereinafter alleged.

4       8.      Taylor, White, and Harmes are sued herein both in their official
5   capacities with Academy, CRC, and Aspen as well as in their individual and private
6   capacities.

7       9.      At all times pertinent to this Complaint, Taylor, White, and Harmes
8   were acting within the course and scope of employment with Academy, CRC, and
9   Aspen, and as a result thereof Academy, CRC, and Aspen are liable for the acts of
10  Taylor, White, and Harmes under the principle of *respondeat superior*.

11      10.     At all times relevant, all Defendants were agents of the others in all
12  actions and matters set forth; each was acting as the agent of the other and was
13  acting in the scope of and cover of their agency with their principal, and every act
14  of each defendant was ratified by the others.

15                              **JURISDICTION**

16      11.     This is an action seeking equitable and legal relief and is instituted in
17  part under the Family Medical Leave Act ("FMLA"). This action also involves an
18  Arizona claim under A.R.S. § 23-1501 and Arizona common law claims for wrongful
19  discharge, intentional and negligent infliction of emotional distress, intentional
20  interference with employment contract,and breach of the implied covenant of good
21  faith and fair dealing inherent in employment contracts. This Court has jurisdiction
22  to hear and determine this action and to grant the relief requested pursuant to
23  Article 6, § 14(1) of the Arizona Constitution.

24                  **ALLEGATIONS COMMON TO ALL CLAIMS**

25      12.     Lombardi was hired on November 10, 2003 as a residential coach at
26  Academy working in the Juniper House. Lombardi's job description required her to

27

3

1   work with a team of therapists, teachers, and medical professionals to provide

2   treatment to the at-risk adolescent girl students at Academy. She was required to

3   be a positive role model who interacted with the students at all times of the day, to

4   teach life skills to the students, to participate in recreational activities with the

5   students, and to oversee student behaviors.

6       13.    Lombardi's annual job performance evaluations for the entire time she

7   worked at Academy were generally excellent with overall ratings which mostly

8   indicated she was a very good employee who exceeded expectations and objectives.

9       14.    On June 4, 2008 Lombardi met with Taylor and presented him with a

10  letter, dated June 2, 2008 and signed by Lombardi and other employees of Academy.

11  This letter opposed violations of the FMLA by Academy regarding the supervisor of

12  Juniper House, Jerry Dorrington.

13      15.    Dorrington, who is over 40 years of age, had previously requested from

14  Academy management six weeks of FMLA leave of absence to care for his son who

15  had been paralyzed in an automobile accident. This care included re-constructing

16  his home to make it assessable to his wheelchair bound son.  Academy denied

17  Dorrington's requested leave, and Dorrington resigned as a result.

18      16.    Lombardi and other employees of Academy who signed the letter, dated

19  June 2, 2008, were subordinates of Dorrington and respected him as their

20  supervisor. Lombardi's conduct in speaking with Taylor about this matter and

21  presenting him the letter was conduct opposing suspected violations of the FMLA

22  by Academy.

23      17.    The letter of June 2, 2008 also opposed Academy Management's

24  decision to replace Dorrington with a 23-year old inexperienced woman. Both the

25  letter and Lombardi's request in her meeting with Taylor on June 4, 2008,

26  attempted to get Academy management to rescind its decision to deny Dorrington

27

4

1    his leave request and allow him to return after his requested leave to be supervisor
2    of the Juniper House.

3        18.     On June 4, 2008 Taylor read the June 2, 2008 letter in the meeting
4    with Lombardi but refused to comment on it after tossing it aside and implying that
5    Lombardi and the other employees who signed the letter had their facts wrong.
6    Taylor changed the subject of the conversation and at the end of the conversation
7    stated that Lombardi was the leader of the employees at Academy regarding matters
8    pertaining to Academy.  Academy management did nothing to change its decision
9    regarding denying FMLA leave for Dorrington.

10        19.     On June 12, 2008, Lombardi and other Academy employees who
11    worked at Juniper House, signed a letter which was sent to CRC management
12    complaining about the selection of the 23-year old inexperienced woman as the
13    replacement for Dorrington.  Although CRC management sent a Human Resources
14    Department employee to Academy's Arizona location to interview Lombardi and
15    others, nothing changed.

16        20.     Later, in June 2008, the 23-year old inexperienced woman refused the
17    position offered to her of Juniper House supervisor and was appointed to be night
18    supervisor over all of the Academy housing dormitories, including the dormitory at
19    Juniper House.

20        21.     On August 18, 2008 Academy management selected Harmes to be
21    supervisor of Juniper House.

22        22.     After the complaints made to Academy and CRC management by Lom-
23    bardi in June 2008, Lombardi was subjected to harassment by Taylor, White, and
24    Harmes in that she was placed under close monitoring, written up with false job
25    performance corrective action complaints, orally given false complaints about her
26    conduct with students without investigation done by management, and given unfair

27

1   schedule assignments, all with the designed purpose to make her workplace
2   unpleasant so that she would quit.  Lombardi did not quit her employment and
3   suffered through the harassment.

4       23.   On September 30, 2008 Lombardi wrote a letter to White and Harmes,
5   stating she felt management was following a plan to force her to resign because she
6   authored letters to management in June and was considered a ringleader of
7   disgruntled employees by management.

8       24.   On November 5, 2008 Taylor, White, and Academy and CRC manage-
9   ment moved Lombardi to Willow House, another of the housing dormitories at
10  Academy.  Unlike the Juniper House, this dormitory had stairs.  The move to Willow
11  House was designed to make Lombardi's work place unpleasant so that she would
12  quit because White and Taylor knew Lombardi had blood flow problems in her legs
13  and joint arthritis which would make it difficult for her to walk up and down stairs.

14      25.   After Harmes became employed with Academy, White has stated that
15  Lombardi was the ringleader regarding complaints to management in June 2008
16  and that it would only be a matter of time before she would be no longer working for
17  Academy.

18      26.   At the time Lombardi made her complaints to management in June
19  2008 White stated "Mary (Lombardi) needs to go, she's kinda getting up there and
20  she needs to just go." White was referring to Lombardi's age as a reason she needed
21  to go.

22      27.   After June 2008 White instructed Harmes and other management em-
23  ployees of Academy to keep a file on Lombardi, hoping to catch Lombardi in some
24  sort of violation.

25      28.   White has made statements that other older female employees should
26  never have been hired because of their age.

27

6

29.     On December 18, 2008 Lombardi was fired by Academy, Taylor, and White. The reason given for the firing was reduction in force.  This reason was false and pretextual for the following reasons: (1) three similarly situated employees were hired to do the work Lombardi had done on December 5, 2008 and Academy advertised for residential coach employees in November and December 2008 and January 2009; (2) two of the employees hired on December 5, 2008 were under age 40 and significantly younger than Lombardi; (3) two additional residential coach employees were hired by Academy in January and February 2009; (4) two other employees who signed the letters of June 2, 2008 and June 12, 2008 were also fired at the same time Lombardi was fired, and these employees, like Lombardi, had received unjustified, false job performance evaluations in an effort to force them to quit.

### FIRST CLAIM FOR RELIEF

(Retaliation for Exercise of Rights protected by FMLA, 29 U.S.C. § 2615(a)(2))

30.     Defendants intended to discharge and in other manners discriminate against Lombardi for exercising her right to oppose violations of the FMLA protected by 29 U.S.C. § 2615(a)(2).

### SECOND CLAIM FOR RELIEF

(Wrongful Discharge – A.R.S. § 23-1501(3)(b)

31.     Lombardi  was wrongfully discharged on December 18, 2008 in violation of the public policies of the State of Arizona because of her:

a.      Opposing violations of the FMLA protected by 29 U.S.C.§ 2615 (a)(2).

b.      Age protected by the Arizona Civil Rights Act, A.R.S. §§ 41-1463, 41-1465.

32.     By virtue of the above actions, Defendants are liable to Lombardi for

7

1  wrongful discharge in violation of A.R.S. §§ 23-1501(3)(b).

2  ### THIRD CLAIM FOR RELIEF

3  (Wrongful Discharge in violation of public policy – Common Law)

4  33.    As a proximate result of the actions of Defendants above described,

5  Defendants are liable to Lombardi for wrongful discharge in violation of public policy

6  established by common law in *Wagenseller v. Scottsdale Memorial Hospital*, 147

7  Ariz. 370, 710 P.2d 1025 (1985).

8  ### FOURTH CLAIM FOR RELIEF

9  (Breach of the Implied Covenant of Good Faith and Fair Dealing)

10  34.    The retaliation of Lombardi by Defendants breached the implied

11  covenant of good faith and fair dealing inherent in all employment contracts in

12  Arizona, causing Lombardi to be deprived of the benefits of her employment

13  agreement. As a result thereof Defendants are liable to Lombardi for breach of the

14  implied covenant of good faith and fair dealing inherent in Lombardi's employment

15  contract.

16  ### FIFTH CLAIM FOR RELIEF

17  (Intentional Interference with Contractual Relations)

18  35.    By their actions, Taylor, White, and Harmes intentionally interfered

19  with the contractual relationship between Lombardi and her employer for an

20  improper and unjustified purpose. The actions of Taylor, White, and Harmes are not

21  protected by any privilege or qualified privilege.  Said actions caused Lombardi to

22  lose her job with Academy and to lose certain benefits with a consequent loss of

23  income. As a result thereof, Taylor, White, and Harmes are liable to Lombardi for

24  the tort of intentional interference with contractual relations.

25  ### SIXTH CLAIM FOR RELIEF

26  (Breach of Contract)

27

8

1        36.    The foregoing actions of Defendants violate Academy's contract of

2  employment with Lombardi as set forth in Academy policies and procedures and

3  Arizona State Law in that Lombardi has been terminated in employment and

4  retaliated against in employment for engaging in the protected activity of opposing

5  FMLA violations and because of her age. As a result of this conduct, Defendants are

6  liable to Lombardi for breach of contract and the damages caused thereby.

7                            **SEVENTH CLAIM FOR RELIEF**

8                       (Intentional Infliction of Emotional Distress)

9        37.    The conduct of Defendants identified above was intentional,

10  outrageous, and unconscionable in its scope and severity, and was without legal

11  justification.   Such actions caused severe emotional distress to Lombardi.

12  Defendants are liable to Lombardi for intentional infliction of emotional distress.

13                            **EIGHTH CLAIM FOR RELIEF**

14                       (Negligent Infliction of Emotional Distress)

15        38.    The conduct of Defendants, previously alleged, unintentionally caused

16  emotional distress and bodily harm to Lombardi. Defendants (1) should have

17  realized that their conduct involved an unreasonable risk of causing the

18  distress, and (2) from the facts known to them they should have realized that

19  the distress might result in illness or bodily harm.  As a result thereof,

20  Defendants are liable to Lombardi for the tort of negligent infliction of emotional

21  distress.

22                          **RIGHT TO EQUITABLE RELIEF**

23        39.    Under the Federal Claim for Relief above described, the Court may

24  order such affirmative action as may be appropriate, including payment of front pay

25  or reinstatement of employment, or any other equitable relief as may be appropriate

26  where the employer intentionally engages in an unlawful employment practice.

27

40.     Lombardi has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and is entitled to equitable relief of injunction, promotion, back pay, front pay, rescission of negative job performance evaluations, and reinstatement of employment against all Defendants.

## DAMAGES

41.     By reason of the Defendants' actions, Lombardi has been deprived of income in the form of past wages and fringe benefits in an amount to be presented at trial, and all Defendants are liable for said damages and/or equitable relief.

42.     By reason of the Defendants' actions, Lombardi has been deprived of future income in the form of wages and fringe benefits to the date of her probable retirement in an amount to be presented at trial, and all Defendants are liable for said damages and/or equitable relief.

43.     As the proximate result of the Defendants' actions, Lombardi has suffered and will continue to suffer for the rest of her life emotional distress, mental anguish, anxiety, anger, pain and suffering, stress, insecurity, shame, and depression.   Lombardi is therefore entitled to recover compensatory damages against all Defendants for these injuries in an amount to be presented at trial.

44.     As the proximate result of Defendants' actions, Lombardi will incur medical treatment, psychological and psychiatric treatment, medical and psychological expenses, and medication expenses and will continue to incur these expenses in the future.   As a result thereof, Lombardi is entitled to recover compensatory damages for these expenses against all Defendants in an amount to be presented at trial.

45.     As a direct and proximate result of the aforesaid acts of all Defendants, Lombardi has suffered damages for loss of reputation reasonably suffered in the past and reasonably likely to be suffered in the future.

10

46.   Lombardi is entitled to recover from the Defendants damages regarding the nature, extent and duration of the injuries suffered by her.

47.   By reason of the Defendants' actions, Lombardi has had to secure the services of an attorney and expert witnesses, and is therefore entitled to recover from the Defendants reasonable attorney's fees and expert witness fees in pursuing this litigation.

48.   As a direct and proximate result of the aforesaid acts of Defendants, Lombardi has sustained legal damages under her claim for violation of the FMLA as follows: (1) wages, salary, employment benefits, and other compensation denied or lost to Lombardi by reason of the FMLA violation, (2) interest on the amount described above calculated at the prevailing rate, (3) reasonable attorney's fees, reasonable expert witness fees, and other costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

49.   As a direct and proximate result of the wrongful acts of all Defendants as alleged herein, Lombardi will be placed in a higher tax bracket as a result of receiving future losses in a lump sum, and Defendants should pay the increase in said taxes as a result of receiving future losses in a lump sum.

50.   The aforesaid actions on the part of all Defendants constitute a malicious, reckless or callous indifference to the rights of Lombardi. As a direct and proximate result of such conduct, all Defendants are liable to Lombardi for punitive damages.

**PRAYER**

WHEREFORE, Lombardi prays for judgment against the Defendants, and each of them, as follows:

1.   For compensatory, consequential, and general damages in such sum as will be proven at trial;

11

1     2.     For equitable relief as described above;

2     3.     For attorney's fees, expert witness fees, and costs;

3     4.     For punitive damages in an amount to be awarded by the trier of fact;

4     5.     For an amount to compensate Lombardi for increased taxes she will

5   have to pay as a result of receiving compensation for future losses in a lump sum;

6     6.     For all costs of this action;

7     7.     For judgment interest at the legal rate of 10 % per annum from the

8   date of this judgment until paid on all sums due;

9     8.     For such other and further relief as is just and proper.

10          RESPECTFULLY SUBMITTED this 3rd day of August 2009.

11                                CHARLES ANTHONY SHAW, PLLC

12

13                          By

14                                Charles Anthony Shaw
                                  Attorney for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26

27

12

ORIGINAL FILED THIS
DAY OF _____ AUG 0 3 2009
BE _____
CLERK SUPC'r. Heather Figueroa
By _____
Deputy

1   **LAW OFFICES OF**
    **CHARLES ANTHONY SHAW, PLLC**

2   140 NORTH GRANITE STREET
    PRESCOTT, ARIZONA 86301

3   TELEPHONE: (928) 778-0801
    EMAIL tonyshaw@cableone.net

4

  Charles Anthony Shaw, #003624

5

  Attorney for Plaintiff

6

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7

### IN AND FOR THE COUNTY OF YAVAPAI

8

| | |
|---|---|
| Mary H. Lombardi, a single woman, ) | No. CV **8200004 8 2** - |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF** |
| vs. ) | **COMPULSORY ARBITRATION** |
| ) | |
| Copper Canyon Academy, LLC, a ) | |
| Delaware Limited Liability Company; ) | |
| CRC Health Group, Inc., a Delaware ) | |
| Corporation; Aspen Education Group, ) | |
| Inc., a California Corporation; Paul ) | |
| Taylor and "Jane Doe" Taylor, husband ) | |
| and wife; Josh White and "Jane Doe" ) | |
| White, husband and wife; Anne Harmes ) | |
| and "John Doe" Harmes, wife and ) | |
| husband, ) | |
| ) | |
| Defendants. ) | |

18

19     The undersigned certifies that the largest award sought by the Complainants,

20 including punitive damages, but excluding interest, attorney's fees, and costs, does

21 exceed the $65,000 limit set by Local Rule for compulsory arbitration. This case is not

subject to the Uniform Rules of Procedure for Arbitration.

22     RESPECTFULLY SUBMITTED this 3RD day of August, 2009.

23

24               CHARLES ANTHONY SHAW, PLLC

25

26         By

27                 Charles Anthony Shaw
                Attorney for Plaintiff

Heather Figueroa

1 | **LAW OFFICES OF**
**CHARLES ANTHONY SHAW, PLLC**
2 | 140 NORTH GRANITE STREET
PRESCOTT, ARIZONA  86301
3 | TELEPHONE:  (928) 778-0801
EMAIL tonyshaw@cableone.net
4

Charles Anthony Shaw, #003624

5

Attorney for Plaintiff

6

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7

## IN AND FOR THE COUNTY OF YAVAPAI

8

| | |
|---|---|
| Mary H. Lombardi, a single woman, | ) |
| | ) No. CV **82 0 0 9 0 4 3 2 -** |
| Plaintiff, | ) |
| | ) |
| vs. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Copper Canyon Academy, LLC, a | ) |
| Delaware Limited Liability Company; | ) |
| CRC Health Group, Inc., a Delaware | ) |
| Corporation; Aspen Education Group, | ) |
| Inc., a California Corporation; Paul | ) |
| Taylor and "Jane Doe" Taylor, husband | ) |
| and wife; Josh White and "Jane Doe" | ) |
| White, husband and wife; Anne Harmes | ) |
| and "John Doe" Harmes, wife and | ) |
| husband, | ) |
| | ) |
| Defendants. | ) |

Plaintiff demands that all issues in this case triable by a jury be tried by a jury.

RESPECTFULLY SUBMITTED this 3RD day of August, 2009.

CHARLES ANTHONY SHAW, PLLC

By _____
Charles Anthony Shaw
Attorney for Plaintiff

**Exhibit 2**

1   R. Shawn Oller; AZ Bar No. 019233
    LITTLER MENDELSON
2   A Professional Corporation
    2425 East Camelback Road, Suite 900
3   Phoenix, AZ 85016
    Telephone:   602.474.3600
4   Facsimile:   602.957.1801

5   Attorneys for Defendants

6

7                    SUPERIOR COURT OF THE STATE OF ARIZONA

8                              COUNTY OF YAVAPAI

9

10  MARY H. LOMBARDI, a single woman,        Case No. CV 820090432

11               Plaintiff,                  **DEFENDANTS' NOTICE TO**
                                             **ADVERSE PARTY OF REMOVAL**
12  v.                                       **OF CIVIL ACTION TO FEDERAL**
                                             **COURT**
13
    COPPER CANYON ACADEMY, LLC, a
14  Delaware Limited Liability Company; CRC
    HEALTH GROUP, INC., a Delaware
15  Corporation; ASPEN EDUCATION
    GROUP, INC., a California Corporation;
16  PAUL TAYLOR and "JANE DOE"
    TAYLOR, husband and wife; JOSH
17  WHITE and "JANE DOE" WHITE,
    husband and wife; ANNE HARMES and
18  "JOHN DOE" HARMES, wife and
    husband,
19
20               Defendants.

21

22  TO:   **PLAINTIFF MARY H. LOMBARDI**

23       PLEASE TAKE NOTICE that on September 1, 2009, Defendants Copper Canyon

24  Academy, LLC; CRC Health Group, Inc.; Aspen Education Group, Inc.; Paul Taylor and

25  Sara Taylor, husband and wife; Josh White and Patricia White, husband and wife; and Anne

26  Harmes and Mark Harmes, wife and husband ("Defendants"), by and through their

27  undersigned counsel, removed this action to the United States District Court for the District

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

1

of Arizona in accordance with 28 U.S.C. §§ 1441(b) and 1446(b).  A copy of Defendants'

Notice of Removal has been filed and served in accordance with 28 U.S.C. § 1446(d).

DATED this 1st day of September, 2009.


_____

R. Shawn Oller
LITTLER MENDELSON, P.C.
Attorneys for Defendants


ORIGINAL of the foregoing filed by U.S. Mail
this 1st day of September, 2009.

Copy mailed to:

Charles Anthony Shaw
140 North Granite Street
Prescott, Arizona 86301
Attorney for Plaintiff


_____

Firmwide:91679778.2 053964.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474.3600

**Exhibit 3**

1  R. Shawn Oller; AZ Bar No. 019233
   LITTLER MENDELSON
2  A Professional Corporation
   2425 East Camelback Road, Suite 900
3  Phoenix, AZ 85016
   Telephone:   602.474.3600
4  Facsimile:   602.957.1801

5  Attorneys for Defendants

6

7              SUPERIOR COURT OF THE STATE OF ARIZONA

8                        COUNTY OF YAVAPAI

9

10  MARY H. LOMBARDI, a single woman,        Case No. CV 820090432

11            Plaintiff,                     **DEFENDANTS' NOTICE TO**
                                             **STATE COURT OF REMOVAL**
12  v.                                       **OF CIVIL ACTION TO FEDERAL**
                                             **COURT**
13
    COPPER CANYON ACADEMY, LLC, a
14  Delaware Limited Liability Company; CRC
    HEALTH GROUP, INC., a Delaware
15  Corporation; ASPEN EDUCATION
    GROUP, INC., a California Corporation;
16  PAUL TAYLOR and "JANE DOE"
    TAYLOR, husband and wife; JOSH
17  WHITE and "JANE DOE" WHITE,
    husband and wife; ANNE HARMES and
18  "JOHN DOE" HARMES, wife and
    husband,
19
20            Defendants.

21  **TO:   CLERK OF THE YAVAPAI COUNTY SUPERIOR COURT**

22         Pursuant to 28 U.S.C. § 1446(a), Defendants Copper Canyon Academy, LLC; CRC

23  Health Group, Inc.; Aspen Education Group, Inc.; Paul Taylor and Sara Taylor, husband and

24  wife; Josh White and Patricia White, husband and wife; and Anne Harmes and Mark

25  Harmes, wife and husband ("Defendants"), by and through their undersigned counsel, filed a

26  Notice of Removal of Civil Action under 28 U.S.C. § 1441(b) (Federal Question) in the

27  Office of the Clerk of the United States District Court for the District of Arizona.  A copy of

28  said Notice of Removal and accompanying exhibits are attached as **Exhibit 1.**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

1

1    On this same day, Defendants have caused to be served on all adverse parties a Notice

2    to Adverse Parties of Removal to Federal Court, a copy of said Notice is attached as

3    **Exhibit 2.**

4    PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal with

5    the Clerk of this Court effects the removal of this action in accordance with 28 U.S.C.

6    § 1446(d).

7    DATED this 1st day of September, 2009.

8

9

10   _____
     R. Shawn Oller
11   LITTLER MENDELSON, P.C.
     Attorneys for Defendants
12

13

14   ORIGINAL of the foregoing filed by U.S. Mail
     this 1st day of September, 2009, to:
15

16   Copy mailed to:

17   Charles Anthony Shaw
     140 North Granite Street
18   Prescott, Arizona 86301
     Attorney for Plaintiff
19

20

21   _____

22   Firmwide:91679785.2 053964.1000

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474 3600

-2-